1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrea B Twitchell, | No. CV-16-00493-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Allied Pilots Association, | |
| Defendant. | |

Plaintiff has filed two motions to compel. On September 7, 2018, she filed a Motion to Compel the Defendant to Respond by signing a Confidentiality Agreement (Motion to Compel Re: Confidentiality Agreement) (Doc. 77) and Motion to Compel Compliance with Fed. R. Civ. P. 26(a)(1)(A)(iv) for the Defendant APA's insurance policy information (Motion to Compel Re: Insurance Policy) (Doc. 78). On October 9, 2018, the parties filed a Joint Stipulation Regarding Outstanding Motions (Doc. 86) informing the Court that they met and conferred on October 5, 2018, and reached an agreement regarding the Confidentiality Agreement and anticipate resolving the insurance policy discovery dispute. The parties ask the Court to stay a ruling on the Motion to Compel Compliance Re: Insurance Policy.

The Court notes that the Stipulation reflects the importance of the Rule 37(a)(1) requirement that parties in good faith meet and confer in an effort to obtain discovery or disclosure before moving for an order compelling it. "When initiating an informal conference the parties must present to each other the merits of their respective positions

with the same specificity with which they would brief the discovery dispute." *Wilson v. Aargon Agency, Inc.,* 262 F.R.D. 561, 564 (Nev. 2010) (citing *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (Nev.1993). "The meet and confer requirement is not merely a formalistic prerequisite to the resolution of discovery disputes and cannot be met by simply showing that the discovery in question was requested more than once." *Id.* In *Nevada Power*, the Court concluded that "two back to back letters stating merely that the responses were 'wholly inadequate' do not stand in as a 'personal consultation and sincere effort . . . to resolve the matter without court action.'" *Id.*

This Court has discretion to deny a motion to compel for failure to comply with the meet and confer requirements set forth in Rule 37. *Schulte v. Potter*, 218 F. App'x 703, 709 (10th Cir.2007). The Court exercises this discretion in respect to the Plaintiff's Motion to Compel Re: Insurance Policy. Plaintiff sent an email on August 31, 2018, requesting the disclosure and filed her Motion to Compel on September 7, 2018. While her August 31, 2018, email explained her views regarding the inadequacy of the Defendant's initial disclosure of the APA insurance policy, there is nothing in her email requesting a personal consultation regarding the matter; she did not even warn the Defendant that she would file the Motion to Compel if she failed to obtain the disclosure within those seven days. In short, there is no evidence that she called or attempted in any way to personally consult with Defendant's attorney regarding the insurance discovery dispute before filing the Motion to Compel.

**Accordingly,**

**IT IS ORDERED** that the Motion to Compel Re: Confidentiality Agreement (Doc. 77) is DENIED as moot, pursuant to the parties Stipulation (Doc. 86).

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that the Motion to Compel Re: Insurance Policy (Doc. 78) is DENIED without prejudice.

Dated this 11th day of October, 2018.

Honorable David C. Bury
United States District Judge