**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrea B Twitchell,<br><br>    Plaintiff,<br><br>v.<br><br>Allied Pilots Association,<br><br>    Defendant. | No. CV-16-00493-TUC-DCB<br><br>**ORDER** |

    Plaintiff sues the Allied Pilots Association (APA), which is the union representing pilots of American Airlines. She is a former pilot of American Airlines and alleges that the union breached its duty under the Railway Labor Act of fair representation.[1] Plaintiff alleges claims relating to an Equity Distribution that Plaintiff received in 2013 and alleges that APA breached its duty of fair representation to her in 2016 when it entered into an agreement with American Airlines concerning treatment of employees who had been out on disability for fewer than 5 years and when it also agreed in 2016 to reinstate a pilot, who had been administratively terminated by American Airlines, to the seniority list after he had been out on disability for more than five years. (Ds' Motion (Doc. 1-2)).

    There are three discovery disputes pending. Plaintiff seeks to compel discovery from American Airlines, a non-party to the suit. (Doc. 105.) American Airlines seeks to quash her subpoena duces tecum for the discovery. (Doc. 110.) The APA seeks to compel

---

[1] A union breaches its duty of fair representation "when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998)..

discovery from the Plaintiff, (Doc. 106), and she seeks to compel discovery from the APA, (Doc. 115). The Court begins with the easy discovery issues.

First, the Court grants Defendant's Motion to Compel the Plaintiff to produce the settlement agreement from a civil action brought by her against American Airlines which was settled in 2014.[2] Defendants believe that pursuant to this settlement agreement the Plaintiff waived any right to reinstatement/reemployment with the company and released any claims arising out of her termination from American Airlines. Defendants assert that if such a settlement was entered into by the Plaintiff, then the union's duty of fair representation does not extend to her because she ceased to be a member of the bargaining unit upon entering into the settlement. (Motion (Doc. 106) at 7.)

Plaintiff represents that her claim for breach of the duty of fair representation dates back to 2012, before the 2014 settlement agreement with American Airlines, when the APA represented falsely that her grievance DFW 12-012 was being extinguished or closed. In truth DFW 12-012 was "Excluded from Settlement" pursuant to the 2013 Collective Bargaining Agreement. According to the Plaintiff DFW 12-012 remained open at that time, remained open through at least December 2018, and may be open today. (Response (Doc. 117) at 9.) According to the Plaintiff, she entered into the settlement agreement in 2014 based on fraudulent misrepresentations intentionally made to her by both American and APA that were unknown to her until 2016. But for the alleged deliberate misrepresentations she would not have entered into the settlement agreement in 2014. *Id.*

The 2014 Settlement Agreement is absolutely relevant, especially to the defense. American Airlines has no objection to Plaintiff producing the Settlement Agreement to the APA as long as the Settlement Agreement is marked and treated as confidential pursuant to a written agreement. American Airlines should prepare the confidentiality agreement and provide it to the Plaintiff and the APA for use in relation to the disclosure of the 2014 Settlement Agreement. It shall be immediately signed by both parties and, thereafter, the Plaintiff shall disclose the 2014 Settlement Agreement.

---

[2] *Twitchell v. American Airlines Retirement Benefit Program et al.*, CV 11-509 TUC FRZ.

Second, the Court denies the Plaintiff's Motion to Compel Discovery from Non-party American Airlines and grants Non-Party American Airline's Cross-motion to Quash the Subpoena Duces Tecum. Plaintiff seeks to compel American Airlines by subpoena to produce documents relevant to other American Airline pilots whom Plaintiff alleges were similarly situated to her by having filed individual grievances, but unlike her were represented by the APA and, pursuant to such representation were reinstated as pilots for American Airlines whereas she was not. American Airlines correctly asserts that as a non-party, it is protected from discovery when information is available from a party to the litigation. (Motion (Doc. 110) at 4-5)). American Airlines asserts that the Plaintiff has already sought production of many of the documents from the APA and that all of the documents sought by the Plaintiff are in the possession of the APA. Additionally, American Airlines charges that the Plaintiff failed to seek to compel the documents from the APA. Unless and until, Plaintiff seeks this discovery from the APA and can show that the APA does not have it, the Court quashes discovery from non-party American Airlines.

Third, the Court directs that the Plaintiff must provide a privilege log to support her objection to providing discovery requested by the APA for Emery, Preitz, and Meadows. Defendant seeks to compel disclosure of any and all documents, including emails, concerning any communications between Plaintiff and Kathy Emery, Wally Preitz, and Lawrence Meadows. Plaintiff identified these three people as non-party witnesses but challenges Defendant's discovery requests as not likely to lead to relevant evidence and as protected by the work product doctrine. Plaintiff asserts work product privilege over her communications with these allegedly similarly situated pilots because any documents, including emails, were produced by her, acting pro se, solely for the purpose of pursuing litigation.

Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure governs discovery of documents and tangible things. "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety,

indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." "If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P.26(b)(3)(B).

The work product doctrine generally protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *United States v. Richey,* 632 F.3d 559, 567 (9th Cir. 2011). Defendant asserts that the Plaintiff waived any privilege by disclosing her work product to these non-attorney, non-party, individuals.

In her response, Plaintiff explains that these three individuals are not ordinary witnesses because in addition to being "similarly situated pilots who had extended medical leaves of absence (greater than 5 years)," they have all litigated against both American and the APA." (Response (Doc. 117) at 4.) She provides a list of eight cases filed between the three of them over the course of years as follows: 2008, 2011, 2014, 2016, and 2017. She asserts she came to know these three individuals in the course of her litigation "stemming from APA's breach of its duty of fair representation owed us and otherwise have no connection." *Id.* at 5. She submits that the work product privilege was not waived by disclosure to these individuals because there is a community-of-interest or common-interest privilege between them. *Id.*

The purpose of the attorney-client privilege is to promote candid and complete discussions between attorneys and clients. *Upjohn Co. v. U.S., 449 U.S. 383, 389 (1989).* The common interest doctrine that the Plaintiff is generally an extension of the attorney-client privilege and provides an exception to the general rule that disclosing privileged information to a third party destroys the privilege. The doctrine is designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each

| | |
|---|---|
| 1 | other without destroying the attorney-client privilege. *Nidec Corp. v. Victor Co. of Japan,* |
| 2 | 249 F.R.D. 575, 578 (Calif. 2007). In the Ninth Circuit, the common interest privilege is |
| 3 | "designed to allow attorneys for different clients . . . to communicate with each other." *In* |
| 4 | *re Pac Pictures Corp,* 697 F.3d at 1121, 1129 (9th Cir. 2012). The doctrine does not apply |
| 5 | to the pro se Plaintiff's communications with these other non-attorney third-parties. *Id.* |
| 6 | Unlike attorney-client privilege, attorney work product protection is not |
| 7 | automatically waived upon disclosure to third parties because "'the purpose of the work- |
| 8 | product rule is not to protect the evidence from disclosure to the outside world but rather |
| 9 | to protect it only from the knowledge of opposing counsel and his client, thereby preventing |
| 10 | its use against the lawyer gathering the materials.'" *California Sportsfishing Protection* |
| 11 | *Alliance v. Chico Sheetmetal Inc.,* 299 F.R.D. 638, 645 (Calif. 2014) (quoting Wright, |
| 12 | Miller, Kane & Marcus, 8 Fed. Prac. & Proc. Civ. § 2024 (3d ed.). Therefore, disclosure |
| 13 | generally "'does not waive the work product immunity unless it has substantially increased |
| 14 | the opportunities for potential adversaries to obtain the information.'" *Id*. Disclosure to a |
| 15 | person with an interest common to that of the attorney or client is not inconsistent with an |
| 16 | intent to invoke the work product doctrine's protection and would not amount to waiver. |
| 17 | *Id.* (citing *In re Doe*, 662 F.2d 1073, 1081 (4th Cir.1981)). |
| 18 | The common interest exception to waiver is construed more narrowly in the context |
| 19 | of attorney-client privilege than it is in the context of the attorney work product doctrine. |
| 20 | *Id.* at 646 (citing *United States v. Am. Tel. and Tel. Co*., 642 F.2d 1285, 1298–99 |
| 21 | (D.C.Cir.1980). "The standard for waiver of work product protection is more lenient than |
| 22 | the standard for waiver of attorney-client privilege because the two privileges serve |
| 23 | different purposes." *McMorgan & Co. v. First California Mortg. Co*., 931 F.Supp. 703, |
| 24 | 709 (N.D.Cal.1996) (internal citations omitted)). |
| 25 | "The great weight of authority holds that disclosure of work product to individuals |
| 26 | who share a common interest with the disclosing party does not constitute waiver." *Id.* at |
| 27 | 646 (compiling examples of cases: *Stix Products, Inc. v. United Merchants & Mfrs., Inc.*, |
| 28 | 47 F.R.D. 334, 338 (S.D.N.Y.1969) (district court holding disclosure to counsel for a party |

with interests adverse to that of the party seeking discovery does not constitute a waiver of work product immunity); *In United States v. Deloitte LLP*, 610 F.3d 129, 139–40 (D.C.Cir.2010) (holding corporation did not waive work-product protection by disclosing documents to its independent auditor because the auditor was not an adversary of the corporation); *In Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1466–67 (11th Cir.1984) (holding transfer of work-product materials between private plaintiffs' attorneys and Equal Employment Opportunity Commission did not constitute waiver of work-product privilege, where private plaintiffs' attorneys and counsel for Commission were engaged in the preparation of a joint-trial at time transfer was made); *In Goff v. Harrah's Operating Co., Inc.*, 240 F.R.D. 659, 661–62 (D.Nev.2007)(finding work-product immunity is not based on the confidentiality of the attorney-client relationship, and it does not disappear when the wall of confidentiality is breached, unless the breach has substantially increased the opportunities for potential adversaries to obtain the information); *Ceco Steel Products Corp. v. H.K. Porter Co.*, 31 F.R.D. 142, 143 (N.D.Ill.1962) (holding that even where a disclosure to a third person was sufficient to create waiver of the attorney-client privilege, there still was not sufficient waiver of the work-product immunity)).

Essentially, a court must determine if disclosure is consistent with the work product doctrine's purpose of preserving the adversary system. *California Sportsfishing Protection Alliance,* 299 F.R.D. at 646 (citing *Am. Tel. and Tel. Co.*, 642 F.2d at 1299; *see also United States v. Deloitte LLP*, 610 F.3d 129, 141 (D.C.Cir.2010) (finding no waiver where the disclosing party had "a reasonable basis for believing that the recipient would keep the disclosed material confidential")). Plaintiff argues that disclosure of her work product to other similarly situated litigants was not inconsistent with the work product doctrine's purpose of preserving the adversary system. **Defendant complains that the Plaintiff has not prepared a privilege log to establish or justify how her communications with these non-attorney, non-parties were undertaken in anticipation of litigation nor is there any way for this Court to determine which if any of the alleged work product communications included** Plaintiff's "mental thoughts and

impressions, and litigation strategy and plans. This is the starting point for the requisite discussion of privilege, including whether Defendant can show there is a substantial need for this discovery.³ Accordingly, the Plaintiff shall prepare and file a privilege log for her communications, including emails, with Emery, Preitz, and Meadows.

Last, the Court turns to the Plaintiff's Motion to Compel Discovery from APA. She challenges approximately 37 discovery responses made by the Defendant. Many of the challenges are based on Defendant's objections to Plaintiff's discovery requests for third-party employment and grievance records and settlement agreements because these records for approximately 15 non-party individuals are confidential and contain private information including medical information. Plaintiff asks for this non-party discovery for pilots she alleges were similarly situated to her. She seeks this information to show that the APA did not provide fair representation to all members but instead represented some members, these 15 individuals, and did not represent her for reinstatement. Before the Court can rule on what seems to be delicate disclosure issues affecting third-nonparty individuals, it will have to hear more from the parties. The Court is aware that the parties have a settlement conference set for next week before the Honorable Magistrate Judge Bruce MacDonald. The Court will delay a ruling on Plaintiff's Motion to Compel this discovery from APA, until and unless the case is not resolved by settlement.

At this time, the Court will deny Plaintiff's requests to compel wherein she complains that APA asserts it has no responsive documents but she in fact possesses the documents from other sources. She fears APA will challenge her documents for authenticity. This is a bridge the Court will cross later, if such a challenge is ever raised.

**Accordingly,**

**IT IS ORDERED** that the Plaintiff's Motion to Compel discovery from American Airlines (Doc. 105) is DENIED.

**IT IS FURTHER ORDERED** that American Airlines' Motion to Quash (Doc.

---

³ Substantial need depends on whether the Defendant needs these communications to prepare its case and whether it cannot, without undue hardship, obtain the substantial equivalent to any facts contained therein by other means. *Hickman v. Taylor,* 329 U.S. 495, 508-09, 512-13 (1947).

110) is GRANTED.

**IT IS FURTHER ORDERED** that the APA's Motion to Compel Production of Documents (Doc. 106) is GRANTED IN PART for disclosure of the 2014 Settlement Agreement and TAKEN UNDER ADVISEMENT IN PART as to Plaintiff's assertion of work product privilege over her communications with Emery, Preitz, and Meadows.

**IT IS FURTHER ORDERED** that within 7 days of the filing date of this Order, American Airlines shall prepare the confidentiality agreement and provide it to the Plaintiff and the APA for use in relation to the disclosure of the 2014 Settlement Agreement. It shall be immediately signed by both parties and, thereafter, the Plaintiff shall within 24 hours disclose the 2014 Settlement Agreement.

**IT IS FURTHER ORDERED** that within 14 days from the filing date of this Order, the Plaintiff shall file a work product privilege log. The APA may have 14 days, thereafter, to supplement its motion to compel. The Plaintiff may file a supplemental Response. There shall be no Reply. Failure to file the privilege log shall result in granting the Motion to Compel for the APA; failure to file a supplement to the Motion to Compel shall result in denial of the Motion to Compel.

**IT IS FURTHER ORDERED** that in the event the case is not resolved by settlement, the Court shall rule on Plaintiff's Motion to Compel (Doc. 115); the Defendant's Response to Plaintiff's recently filed Motion Re: Interrogatory Requests (126) shall be due within 14 days of the settlement conference.

Dated this 6th day of March, 2019.

_____
Honorable David C. Bury
United States District Judge